IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RENATA ANDREWS,              )
                                )
        Plaintiff,           )
                                )
        v.                )       CIVIL ACTION NO. 1:06CV574-SRW
                                )             (WO)
JO ANNE B. BARNHART,       )
Commissioner of Social Security,  )
                                )
        Defendant.        )

**MEMORANDUM OPINION AND ORDER**

This action is presently before the court on the motion to dismiss filed by the Commissioner on October 17, 2006 (Doc. # 14). The Commissioner has filed evidence that the Appeals Council has not yet acted on plaintiff's request for review (Timlin dec.) and argues that this court lacks jurisdiction to proceed in this action. Plaintiff does not dispute that she has not received final action from the Appeals Council. However, she argues that the request for review should be deemed denied by analogy to Rule 59.1 of the Alabama Rules of Civil Procedure, which states that a post-judgment motion is denied if it remains pending for longer than ninety days.

Plaintiff's claim for benefits was denied by the ALJ on August 20, 2005. (Exhibit 1 to Timlin dec.). On September 12 and 27, 2005, plaintiff's counsel requested medical records from the hearing offices in Mobile, Alabama and Roanoke, Virginia. (Exhibits 2-4 to Timlin dec.). On October 20, 2005, counsel sent a letter to the Appeals Council stating that he had sent his request for review to this court by mistake. He attached a brief to his

letter.  (Exhibit 5 to Timlin dec.).  On February 11, 2006, the Appeals Council sent plaintiff

copies of requested exhibits and allowed plaintiff twenty-five days to submit additional

evidence or argument.  (Exhibit 6 to Timlin dec.).  On February 28, 2006, plaintiff's counsel

sent the Appeals Council a letter requesting that the case be remanded to the ALJ.  (Exhibit

7 to Timlin dec.).  Four months later, on June 27, 2006, plaintiff commenced the present

action.

42 U.S.C. § 405(g) provides for judicial review of "any final decision of the

Commissioner of Social Security made after a hearing to which he was a party[.]"   "[T]he

[Social Security] Act does not define 'final decision,' instead leaving it to the SSA to give

meaning to that term through regulations."  See Sims v. Apfel, 530 U.S. at 106-07 (2000).

Under the Commissioner's regulations, a claimant obtains a "final decision" when the

Appeals Council: (1) denies a request for review, allowing the ALJ's determination to stand;

or (2) grants a request for review and issues its own decision.  See 20 C.F.R. § 404.981 ("The

Appeals Council may deny a party's request for review or it may decide to review a case and

make a decision.  The Appeals Council's decision, or the decision of the administrative law

judge if the request for review is denied, is binding unless you or another party file an action

in Federal district court, or the decision is revised.  You may file an action in a Federal

district court within 60 days after the date you receive notice of the Appeals Council's

action."); § 422.210 ("A claimant may obtain judicial review of a decision by an

administrative law judge if the Appeals Council has denied the claimant's request for review,

or of a decision by the Appeals Council when that is the final decision of the

Commissioner."); see also 20 C.F.R. § 404.900(a).

In this case, plaintiff is pursuing her administrative remedies.  She has requested review by the Appeals Council.  However, she has not received a "final decision" on her claim for benefits.[1]  Since plaintiff has not received a final decision, she has not exhausted her administrative remedies.[2]  Thus, the court lacks jurisdiction to entertain this action seeking review of the denial of plaintiff's claim for benefits.  Accordingly, it is

ORDERED that  the Commissioner's motion to dismiss is GRANTED.  A separate judgment will be entered dismissing this action without prejudice for lack of jurisdiction.

DONE, this 14th day of November, 2006.


                                        /s/ Susan Russ Walker
                                        SUSAN RUSS WALKER
                                        UNITED STATES MAGISTRATE JUDGE

---

[1]  Plaintiff does not argue that the Commissioner has waived the jurisdictional prerequisite of exhaustion.  The issues presented in this case are not collateral to plaintiff's claim for benefits, and plaintiff does not raise any claim of constitutional proportions.   See Crayton v. Apfel, 120 F.3d 1217, 1220-22 (11th Cir. 1997)("The agency may always waive the exhaustion requirement.  It may be held to have done so by failing to challenge the sufficiency of the allegations in plaintiff's complaint, as it did in Salfi.  Exhaustion may be excused when the only contested issue is constitutional, collateral to the consideration of claimant's claim, and its resolution therefore falls outside the agency's authority as in Eldridge.  Exhaustion may be impractical and inconsistent with the exhaustion principles when a judicial determination has been made that the agency's procedure is illegal.").

[2]  Plaintiff argues, "Is the defendant's position that the plaintiff must wait five, ten or twenty years to prove she is entitled under the evidence submitted to receive the relief Congress provided for a working person who becomes totally incapacitated to earn a livelihood? Arbitrary bureaucratic lack of proper function should not be condoned."  (Plaintiff's response, Doc. # 18, pp. 1-2).  In this case, plaintiff's request for review had been pending for a matter of months – not years – when she commenced this action.